IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

ACNR RESOURCES, INC.,
**Employer Below, Petitioner**

**vs.) No. 23-ICA-369**        (JCN: 2021021646)

ROBERT MURPHY,
**Claimant Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR") appeals the July 17, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Robert Murphy filed a response.[2] ACNR did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied authorization for physical therapy, a lumbar MRI, and a consultation with the WVU Pain Clinic.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 21, 2021, while employed by ACNR, Mr. Murphy sustained an injury to his back and left hip when he was carrying a pipe and experienced a sudden onset of lower back pain radiating to his left hip. Prior to his 2021 occupational low back injury, Mr. Murphy sustained a compensable low back injury on September 17, 1983, and he underwent related back surgeries in 1984 and 1986. Mr. Murphy also suffered a compensable low back injury in 1987.

---

[1] For reasons not readily apparent in the appendix record, the petitioner's counsel has substituted "Ohio County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __ W. Va. __, __ n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] ACNR is represented by Aimee M. Stern, Esq. Mr. Murphy is represented by M. Jane Glauser, Esq.

Mr. Murphy presented to the Wheeling Hospital Emergency Department on April 23, 2021, complaining of back pain. He was seen by Ross Tennant, NP, who diagnosed Mr. Murphy with lumbar strain and lumbar radiculopathy. Mr. Tennant recommended that Mr. Murphy undergo a lumbar MRI. Mr. Murphy underwent a lumbar MRI without contrast on May 2, 2021, revealing severe left neural foraminal stenosis at L3-L4, and endplate spurring at the L5-S1 level that may contact the right S1 nerve root. On May 7, 2021, the claim administrator issued an order holding the claim compensable for strain of the muscle, fascia, and tendon of the lower back.

On May 19, 2021, Mr. Murphy was seen at the WVU Department of Neurosurgery. He was diagnosed with acute bilateral low back pain with left-sided sciatica; strain of lumbar region; herniated nucleus pulposus, lumbar; lumbar radiculopathy; and status post laminectomy. Mr. Murphy was referred for a lumbar MRI with contrast. On May 30, 2021, Mr. Murphy underwent a lumbar MRI, with and without contrast, revealing a disc protrusion/extrusion at L3-L4. Mr. Murphy returned to the WVU Department of Neurosurgery on June 25, 2021, and an L3-L4 microdiscectomy was recommended. Ronald Fadel, M.D., performed a medical record review on July 12, 2021. He noted that Mr. Murphy had failed to respond to conservative treatment methods, and he supported the recommendation of surgical intervention. On September 28, 2021, Mr. Murphy underwent a left L3-L4 microdiscectomy.

Mr. Murphy returned to the WVU Department of Neurosurgery on October 27, 2021, to determine his status post-surgery. The treatment plan included physical therapy. Mr. Murphy began physical therapy on November 1, 2021. The physical therapist recommended treatment three times a week for four weeks. Mr. Murphy was instructed to continue with physical therapy.

On December 27, 2021, and March 7, 2022, Mr. Murphy returned to Mr. Tennant. Mr. Murphy indicated that he had constant numbness and tingling in the left lower extremity below his knee. Mr. Tennant noted that Mr. Murphy had reduced lumbar flexion and difficulty with side bending rotation of the trunk.

Dr. Fadel performed another review of Mr. Murphy's medical records on March 12, 2022. Dr. Fadel recommended that electroneurodiagnostics testing and a lumbar MRI be authorized. On March 26, 2022, Mr. Murphy underwent a lumbar MRI, without contrast, revealing, at L3-L4, a prominent region of abnormal signal involving the left laminotomy, left lateral epidural space, left lateral recess, and left neural foramen. The radiologist noted that a differential diagnosis included scar tissue and/or a recurrent disc herniation or combination of these processes and that the abnormalities at L3-L4 had the potential to cause lumbar radiculopathy, which could be correlated clinically.

On May 9, 2022, Mr. Murphy returned to the WVU Department of Neurosurgery. A lumbar MRI with contrast was recommended, along with the EMG/nerve conduction

2

study. The treatment plan included additional physical therapy and a referral to a pain clinic. On May 20, 2022, the WVU Department of Neurosurgery requested authorization for a lumbar MRI with contrast, physical therapy three times a week for four weeks, and a consultation with the WVU Pain Clinic.

Prasadarao Mukkamala, M.D., performed an independent medical examination ("IME") of Mr. Murphy on August 24, 2022. Dr. Mukkamala concluded that Mr. Murphy had reached maximum medical improvement ("MMI") for his compensable injury and required no further medical treatment. Dr. Mukkamala recommended that Mr. Murphy continue with a home exercise program rather than additional physical therapy. The claim administrator issued an order dated August 26, 2022, which denied authorization for the lumbar spine MRI, physical therapy, and a consult at the WVU Pain Clinic, based on Dr. Mukkamala's report. Mr. Murphy protested this order.

On November 28, 2022, Mr. Murphy returned to the WVU Department of Neurosurgery. He complained of low back pain and lower left extremity pain and numbness. David Cohen, M.D., diagnosed him with lumbar radicular pain, chronic low back pain, status post lumbar spine operation, and status post lumbar microdiscectomy. Dr. Cohen again recommended a lumbar MRI with contrast, physical therapy, and a referral to the pain clinic.

Dr. Mukkamala issued a supplemental report on March 24, 2023, after reviewing updated medical records. Dr. Mukkamala reiterated that Mr. Murphy's compensable injury had reached MMI, and he required no additional treatment. Dr. Mukkamala opined that any additional treatment would be related to Mr. Murphy's preexisting degenerative condition. On December 5, 2022, the claim administrator issued an order adding, as a compensable diagnosis in the claim, "other intervertebral disc displacement of the lumbar region." Mr. Murphy protested this order.

On July 17, 2023, the Board issued an order reversing the claim administrator's order dated August 26, 2022, which denied authorization for the lumbar spine MRI, physical therapy, and a consult at the WVU Pain Clinic. The Board found that Mr. Murphy had established that the requested treatments were medically related and reasonably required to treat his compensable injury.[3] ACNR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] The Board also affirmed the December 5, 2022, claim administrator order, noting that "other intervertebral disc displacement of the lumbar region" was synonymous with "herniated nucleus pulposus of the lumbar spine," the diagnosis Dr. Cohen requested be added to the claim. ACNR does not appeal this ruling by the Board.

3

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ACNR argues that the Board erred in finding that the opinions of the providers from the WVU Department of Neurosurgery were more persuasive than Dr. Mukkamala based only upon a finding that Ms. Limbacher was Mr. Murphy's treating healthcare provider. ACNR further argues that Ms. Limbacher's office notes do not support the necessity of the requested treatment. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board found that the opinions of the providers from the WVU Department of Neurosurgery were more persuasive than that of Dr. Mukkamala because they were Mr. Murphy's treating providers and had seen him on multiple occasions. Thus, the providers from WVU had more expertise and familiarity with Mr. Murphy's condition than did Dr. Mukkamala, who saw Mr. Murphy once.[4] The Board further found that the requested treatments of physical therapy, a lumbar MRI, and a consultation with the WVU Pain Clinic were medically necessary and reasonably required to treat Mr. Murphy's compensable injury based on the opinions of the providers from the WVU Department of Neurosurgery. The Board found that the office notes from the WVU Department of

---

[4] The Board groups together all healthcare providers from the WVU Department of Neurosurgery that saw Mr. Murphy and identifies them as WVU Department of Neurosurgery. These providers include David B. Cohen, M.D., and Jessica Limbacher, PA-C.

4

Neurosurgery were adequate support for authorization of the treatments requested by Mr. Murphy. The Board did not indicate that it found the office notes to be lacking in any way.

Upon review, we conclude that the Board was not clearly wrong in finding that the opinions of the providers from the WVU Department of Neurosurgery, as Mr. Murphy's treating providers, were more persuasive than that of Dr. Mukkamala, who saw Mr. Murphy one time for an IME. Further, the Board was not clearly wrong in finding that the requested treatment was related to Mr. Murphy's compensable injury based on the opinions of the providers from the WVU Department of Neurosurgery. Ultimately, the Board did not err in finding that physical therapy, a lumbar MRI, and a consultation with the WVU Pain Clinic were medically necessary and reasonably required to treat Mr. Murphy's compensable injury based on the opinions of the providers from the WVU Department of Neurosurgery.

Finding no error in the Board's July 17, 2023, order, we affirm.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5